and all the females have t That's what James is old apology. Before this cour order of the trial, count judgment, dismissing pla uh, defendant's cell, cla deceived christian. There claim against the cell, c the Illinois survival and negligent treatment? Beca there was negligent treat uh, had a coma or had some or whatever. They lost, u or the ability to speak. your client would still b would be liability on the negligent treatment. So t death, it's kind of a sec necessarily the only thin of liability is based on. upon wrongful death. It's treatment, isn't it? It i undertaking, voluntary un negligent. Yes. Specific Yes, sir. And civil consp the first count to sort o here undertook some aid t question is looking at th aid did he undertake to p all, I think we have to c of the knowledge that he at the time that he becam He obviously knew that Ch due to a heroin overdose. had been administered. He another individual wholes he had been incapacitated and he knew that his, uh, been advised to monitor o then seek medical treatme clearly. And I think if a for the sake of the argub that in general, Kyle is Let's assume he has knowl sufficiently to attach li voluntary undertaking? I act or something besides street and somebody colla corner from you, you have distress. Are you gonna b undertaking because you k sir. Well, then what, wha here? What physical inter did he engage in? That wa something to do with negl hours with the people tha to care for Mr christian. He went to the vehicle an vehicle to observe the co christian. He participated doesn't fall into the cat of Kyle being in distress not when they interact. A best pointed out by the d appellate brief that say And that simply isn't tru don't engage in two hour the care workers and byst and give money to the car heroin and to do more her someone who was involved he just involved for hour had knowledge of a situat regarding what should be when the jacket was place obscure Kyle from the vie without the influence of exercised good judgment a participated in all of th you? The case law says th to you one who voluntaril some action. Where's the is the action? The physica had a bearing on anything to observe and at least d obviously the facts have favor and we're in the la the plaintiff here, the p to check on Kyle. That's does bystanders walk by t the car with the caregive condition to the victim o incapacitated. He went we of knowledge. He didn't p an observation. Is that t treating somebody neglige treatment, the negligent with the other co defend Kyle from from getting th that he needed. Um, Judge on the fact that in his v been made not to get medi why he pretty much remove participation. Did the de anybody from giving medic he try and talk somebody I don't know. I think ind and I think the way that to care for Kyle directly go get more heroin at his come back and do heroin w indirectly, I think that people. And in fact, it's  a situation and that's wh really doing this diagnosi Hudson was reciting the q it could be subject to de not his treatment. But di looks at somebody who's i the street, they have a s that bolt could either be or a bullet wound or they around the corner by look and determining that this have ambulance call or di in the hospital or whatev that that individual took I can tell. Are you not n No, sir. What I am suggest that person stays with th of hours or the rest of t for that victim for a per has been engaged in the s has. Well, are you saying that this is a material i he has or he has not? Wel a good point to because t is, is that you're arguin summary judgment should b that I don't think would to take. If I've given th making statements that so affirmatively established as opposed to saying the and a prior effect. And i man, they should be the o issue and not the trial c minds would disagree as t to be drawn from the unco are. And you're exactly r arguing the facts from th to the plaintiff and the thought would have been g I think quite frankly, th trial court was misguided of the summary judgment m And quite frankly, if a v found no liability, we wo here because in my view, And instead of saying, I found in our opinion, at that there was no dispute material facts. In order to succeed, though, you w that the co defendants wo assistance for Kyle had d distracted them. Is that I believe what the, uh, t determine was that if the more heroin and hadn't ha clouded by additional nar and had a thing taken its again, I think one of the that a decision had been going to seek care for Ky circumstances. And I don' the circumstance at all. the decision. It was that seek any medical care unl necessary because if his it, she's going to kick h because he's a heroin add I mean, that's in one of can't recall who's with a a fair reading of the tra Dori's decision was that as a matter of fact that the co conspirators had a that they weren't going t And I don't think that th or review of the facts, p summary judgment level. I determine that there is a relationship that had he about concealing their il they not been more concer how bad Kyle christian lo and place that jacket the not been acting under the added by the defendant se circumstance that we're g doesn't improve, then we And so I think that's the a second here. I'm strugg of the voluntary undertak three categories. One, th assume that's true. He kn condition. He investigati by the car and three, he about Kyle's condition. O Okay. And again, a traged feel is from a humanitari should aid somebody in di as an attorney doesn't ne into a legal responsibili it, he speaks with the gr that constituted a volunt and knowing? Well, I thin observing. He got into th is assuming the facts in to something. Yeah. Like he doing? Did he move him Did he treat him? What di by the mere involvement c for hours and literally f that if nothing else, his or at least lost opportun have been discovered by s would have offered, but y on to the voluntary undert doesn't talk about knowin things. It talks about do it negligently. I'm askin nothing. I understand. An are several acts that he it includes, um, conferri fact could infer that he others from seeking medic an act of omission by enc do anything. And more imp of monitoring Kyle as the to do. They went on the j more heroin with defendan that that was when Kyle w based on the depositions before they decide to lea it was Mr Hecox, I believ one of them enters the ca responds coherently to qu it was. Do you want me to want us to call an ambula he never opens his eyes. has significantly improved evening and which the oth went to see said who had here previously overdosing It should improve. So the He's coherent. He's answe not so sure he's coherent the deposition says he re He didn't open his eyes. questions. In other words gave them a day of the we a question for a yes or n gives a yes or no. Right. by the perception of some under the influence of na But the point is he is si at that point than he was But his condition had flu the day. He had also been and apparently was somewh but then somehow last bac state. Was the defendant he there earlier in the d record as I view it, he w those things. He's been i been administered. And in cells and he cocked it oc after he talks and wars h to see my coach all becau person who had experience previous search situation incapacitated state due t the heroin overdose. We'l some context in a real li comes to your house, a gr comes to your house and t driver, there's somebody in distress. They talk to it. You go out to the dri that person, you do nothi that you have voluntarily aid to that person. Not n there are other factors i put it over that level or a jury to find it over th in addition to knowing th the situation where the p where CPR had been admini those people that brought say, gee, let's go smoke c we'll take a two hour coff get in the car and check You know what? Let's leav you home. I'm gonna remov that you voluntarily unde you away from him. I'm go care of you removing them voluntary undertaking. Ye all these other things. I look at this particular m I think you have to look the situation. Okay. You' reply. All right. I appre also the uh, so conspira have a chance to reply. T you wish to offer respons please. Is the court. Go Uh, I have a fundamental counsel's comments and I everything that the panel because it's basically my of counsel's brief. He ma that this court should fi gives rise to a duty of c client. I have a problem of morbid facts, but I su is involved in a car acci on the road and you're bl a passerby can sit there they don't have any duty scene is taking the positi what's going on. If you k is in bad straights and t that you have some legal be able to go one step fu walk over to the car, ope at the person bleeding in now done something that w you aren't just watching with that. Right. Right. I don't want to say unfor in the law. I think we're a free country. I think y car with the person and w die. You don't have that is, is if you get out of over and look or you ope you look at him and put y chest or put your thumb o it is or carotid artery i if there's a pulse or wha you're you're treating hi I do not agree because yo according to the law, you have to take an act and t discontinue it has to lea instance than they had be to be some negligence. It so far as to interact wit is even further removed f is attached on some negli you've done wrong. Correct you know, with uh, justic you could say, okay, well his carotid artery, did y flow? You know, and maybe on him. But I agree you h And that's the point is t something. And counsel's know, well, we can inferr sitting in the restaurant something to dissuade the You can't do that. These all gave a deposition and conversation never took p something and answer Mr. we should do, which I don would give rise to a duty never took place. Mr. Hee before Mr. Zell ever show lot that the decision had treatment and they were j his condition. That was p I was gonna ask you to re to the trial court's alle there had been a determina going to be given treatme to be monitored, so to sp in his deposition testifi he was actually upset wit said because he didn't th Mr Christian put him in t I'm just, I'm just a supp flippant about it, but I' heroin. I get this guy so he overdoses and now all my responsibility. He say Mr Christian that they ha It wasn't Mr Zell's probl Gasol's problem. I, it wa I think he even said I di them with it. And he said decided to not see both a Mr Ultra to not seek trea did nothing to interfere the idea that there could where they at least two p not given treatment. Well law expert. But my view o the conspiracy was comple Mr. He tax made the decis which was before my clien ask the third party and t that enlarge the conspira agree that they should no No. What I'm saying is, i to be more than two peopl four, possibly five. I th or manage, manage. Yeah. involved. How many peopl that they were just going Was it the person who gav That's Mr. He tax. And I, you know, that he, it was if he talked to 911 or so might be an E. M. T. Or s they said monitor the ind then become part of the c they were supposedly givi or not he should or shoul ambulance call. I don't t don't think this is a cons where I have the problem. one has said don't take h room, just monitor his co a voluntary undertaking t back to the very nature o to the parties initially conduct or action at the the other parties have ag what he's asking. All of party comes along and the this? He goes, yeah, I agr think this is the right t I don't think it could be I don't, but I have to co together to do something. sergeant is, is that the go acquire heroin or the get heroin is the conspi and that in the course of Now, Mr Christian is igno a byproduct of the conspi is liable for that. I don I think there has to be s part that, you know, when heroin, we're now abandon they're now reaching a do owe him and I'm now part Doherty and granting the at the argument, what he was two hours before they alone in the parking lot. that they're going to buy taking of the heroin had with him being denied tre back. They sat in the res hours and during that tim his condition and the dec Is it actionable to consp as opposed to conspire to No. Is it actionable to i to conspire to treat some so. Is it a tort to consp negligently? In other wor treat him. I would agree be a good question. Corre agree. If the three of th around and said, you know seek treatment for him. I and I don't and I'm not su moore's would then be liab have any liability in this put over the window by Mr sitting there saying, you know, if you should get t or if you don't want to, that. That's not an overt part. I think what the la my client say, you know, treatment for him, I'll t then my client doesn't do has to be some sort of ov statement. We have to put of the real world. I mean here? You're at home at n a call from somebody who' and saying, hey, you know now they're having these you know, I'm thinking ab of waiting and see how th think? According to the a answered that and it's ne become part of some consp the telephone and somethi the process of unfolding. I don't know that that ta again, there has to be so And what I'd like to do i like to say, I have a que and I pretty much build m out of my grief. But the I wanted to address with add to that. One is, you be, even if you assume al are correct, there has to of the harm. And there's know, Mr Christian was un put over the window of th conditioned, whether it w Mr. He cats, Ms. Moors, a was never made worse by w left him in the car and i the heroin and everybody and his moors would have zone never even knew anyt christian's condition was Mr. He cats and what Ms. him around going to see M back sitting in the sitti greens restaurant parkin or three hours, whatever was with him and then lea his condition any worse t left him alone in the fir saying is, is that the in not brought about by any or was not exacerbated by your client. No, I'm sayi you know, what I'm saying and his moors didn't do a condition any worse. Acco law, you have to show that to act and it's such act an act and then abandoned the risk of harm. There's is one, you know, one tha of duty and two that as a an increase in the harm. He died as a result of th He didn't die as a result Mr. He cats and his moors with Mr christian, he ove him. The outcome would ha them sitting there for 3 the period of time was an to do and checking on him increase of harm was neve of harm was never increas being present. You know, that, you know, okay, wel or something. It was simpl you're saying is if you f or take him to the hospit room, this would not incr Well, well, I'm not saying called, I agree, but they out. Mr. Moore, Mr. Moore didn't have a duty. They voluntary undertaking as what? What is the signifi Mr christian says? Don't do anything for me. The v acts in terms of duty or and his moors. I know I'm I was thinking about the them don't do anything. A it's being alleged my cli doing anything. Doesn't t the person in distress, d right to decide? Maybe he contributory negligence. question of negligence. I counsel made an argument that a jury should decide it. This is a duty issue whether or not there's a that there is no duty. An a duty exists in a brief question is whether or no to this situation. The do people do something in th they did it, would they d is a duty. I don't agree why are we even talking a case even here? Because i there wouldn't be any ple duty upon. No, but I think breach of the duty. Did h was no duty that ever aro the duty can arise becaus acts didn't take place. M of Judge Doherty's rule, of the case law that we'r there was no duty, the du and we were on her comment reasonable people do is r they come by an accident and they see someone in a they would call an ambulan don't have a duty to do t a reasonable person would to find that there was a submit in this case that never got to the duty par voluntary undertaking to He didn't have to be a re this is your argument abo not to do anything for in if he had taken up the du or consent for treatment was required or asked for continued, they might hav on this individual. Yeah. he taxed it is more since they chose to monitor. An duty, if there was a volu they were, you know, thos you know, they were check christian said, don't do decided to proceed. I gue a trespass with no damages life. But I question wheth at the end saying, you kn don't contact anybody. I to be looked at in terms what responsibility did a made that decision. Do yo material issues of fact i not. Absolutely not. Elab I think it's clear and go said about, well, you kno that Mr Giselle in the re to dissuade them from see trying to make a question exist. Everybody agrees t more than observe him. An apparently after maybe mo he doing? But there's, th of fact that was that exi did anything to volunteari care to Mr Christian. All to the alleged conspiracy correct? So their testimon on record now. Correct. T speculation. Right. The o there was Ms Gasol, who w deceased. She died in the you know, it wasn't heroi that. Right. So everybody role in this, their depos You know, we know what ha no question of fact. And did not undertake anythin that we never get to the First of all, with regard regarding the discussions that attire of facts might whether or not zeal explic medical care. I don't thin viewed in that context. I that zeal came on scene an go get more heroin, come heroin and then we'll go shop and talk. I think th were or could be viewed by fact to be discouragement of the monitoring and pro and he cocks who had volu the duty to seek proper m as a reasonable person wo circumstances. The second to address is the consul theory of liability. Um c exists and liability woul or more people combined t unlawful purpose and the are liable. If in further of the conspiracy, one or committed. What was the u act here? I think directl money, you will get the h back and we'll use the he or the defendant fit int he came in a little bit l unless you're talking abo Yes, sir. I am. But the s a situation where the dec heroin, correct? They did more heroin. So that tran even though it may have b had no causal connection of monitoring. It didn't with affecting Kyle other the influence that maybe monitoring him. But the c that you're attempting to to be, let's go party and as opposed to let's go pa and you guys get so high or be willing or able or and intelligently monitor presume and effectively e monitoring or the treatme to call it was negligent. I think that the law is a that once a civil conspir and I think that the tria I certainly don't mean to but at least in my view, and he cock and moors agr for fund the money and he get and then they would a heroin. I think that's a because they've combined I don't know that they, would also be that and i will all intentionally g will forget about treatin I don't think that's requ to get the heroin, if he mortgaged, that's a tortu all co conspirators would to the victim. But what i what torches said that th relative to Kyle? What wa they agreed to conspire? Kyle? Again, I don't thin but clearly again in my v you view the facts, unmist and he cocks had voluntar the duty to care for Chri they breached that duty m failed to get appropriate died. So I think that's a by more than he cocks. I' on that. What does it hav defendant? It was a tortu furtherance of the conspi has to conspire in the be He has to be a part of th inception. And well, the one conspiracy in this si on scene and says, here's heroin. There are two peo awful purpose. That's an that you're referring to procurement of the heroin Yes, sir. That was not in That's that's the conspir one where Kyle's congesti a conspiracy to obviously matter of this act. The d Exactly. But clearly he w second. He's a co conspir and as a co conspirator i He is liable for damages by co conspirators in the the conspiracy or the obje So under those circumstanc attaches both for civil c as in my view, the neglig thank you. Thank you. Alri